UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

I.A.M. NATIONAL PENSION FUND, )
NATIONAL PENSION PLAN, )
)
And )
)
)
WARREN MART and )
BURTON F. TREBOUR, )
Co-chairmen of the Board of )
Trustees of the I.A.M. )
National Pension Fund, )

1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658

Plaintiffs,

v.   )
     )
PROGRESSIVE SERVICE DIE COMPANY )
#1 Taylor Boulevard )
New Kingstown, PA 17072 )
(717) 766-8004 )
     )
Defendant. )
     )

CASE NUMBER 1:05CV02032

JUDGE: James Robertson

DECK TYPE: Labor/ERISA
            (non-employment)

DATE STAMP: 11/07/2005

ANSWER TO COMPLAINT

1. Agreed.

RECEIVED
NOV 1 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. Agreed.

3. Agreed.

4. Agreed.

5. Agreed.

6. Agreed.

7. Agreed.

8. Agreed. It is further pointed out that previous contracts had contained the same provision as this one.

9. Agreed.

10. Agreed in part. The "subsequent renewal" and the current contract obligation expire January 31, 2006. Whether there will be a continuing obligation will depend upon the results of negotiations between the Union and the Defendant.

11. Agreed.

12. Agreed as to language. Defendant further admits that economic circumstances and cash

flow problems over the past three years have resulted in the required payments being delinquent more often than not. During this time, Defendant has worked with numerous union, state and local committees, agencies and councils in an effort to improve results at this location and avoid closing the facility. These include: Stephen R. Sleigh, Director of Strategic Resources, Union; Robin C. Klock, Governor's Action Team, Commonwealth of Pennsylvania; the Pennsylvania Department of Community and Economic Development; the Machinery and Equipment Loan Fund, Commonwealth of Pennsylvania; the Office of Economic Development, Cumberland County; the York County Economic Development Corporation; the Capital Region Economic Development Corporation; the Workforce Investment Board; the United States Department of Agriculture; and the Small Business Administration. Furthermore, Defendant's employees have been certified by the U.S. Department of Labor as eligible for Worker Adjustment Assistance and Alternate Trade Adjustment Assistance under the Trade Act of 1974 as amended. In short, Defendant has vigorously pursued numerous avenues in an effort to reverse our declining sales and productivity. Payments to the Plan have been consistently late and/or delayed during this period, and until now, the Plan has been lenient and understanding, allowing Defendant to forward payments whenever possible. Now, however, the Plan has taken this action at the exact moment that negotiations for a new contract are to begin. It would appear to some that the timing is solely to influence the course of negotiations. Furthermore, it is to be noted that although the Plan has the discretion to forego interest and liquidated damages, it has demanded these be paid by a company struggling to maintain employment for its workers and Union members. The demand would seem to be counter to the very reason for the existence of the Plan.

13. Agreed.

14. Agreed. However, as noted in 12 above, the Plan has the discretion to forego these.

15. It is admitted that payments have been late over the past three years, but payments have been made whenever possible. An inability to make a timely payment is not the same as a refusal to do so.

16. It is not true that Defendant will continue to be delinquent in the absence of a Court order. If and when an already submitted request for a refinancing loan through the Small Business Administration is approved and closed, Defendant will be able to bring all payments current. Furthermore, Defendant has continued to pay when able, and since the time that the Plan listed the past due balances for this Complaint, has made the March 2005, the April 2005, and the May 2005 payments. In fact, by the time any order is issued, it is possible that Defendant will be current on all payments. In these circumstances, it would appear that there is little rationale for the overkill of a Court Order. This action only hurts the families we are trying to help.

Wherefore, Defendant requests dismissal of the Complaint as superfluous and unnecessary to the enforcement of the agreement and a waste of the Court's time.

Dated: November 7, 2005

Respectfully submitted,

Thomas E. Schmitt, President
Progressive Service Die Company
#1 Taylor Boulevard
New Kingstown, PA 17072
(717) 766-8004